UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUCINDA SADRIAN,

        Plaintiff,

        v.

WATCHUNG HILLS REGIONAL HIGH
SCHOOL DISTRICT,

        Defendant.

Civil Action No. 15-408 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court on Defendant Watchung Hills Regional High School District's ("Defendant") motion to dismiss Plaintiff Lucinda Sadrian's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) Through her Complaint, Plaintiff seeks attorneys' fees for a due process petition she filed on behalf of her son with the New Jersey Commissioner of Education under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12102. (*See generally* Compl., ECF No. 1.) Plaintiff's petition was transmitted to the Office of Administrative Law where, on March 28, 2014, the Honorable John F. Russo, Jr. granted Plaintiff partial summary judgment. (*Id.* ¶ 13.) Defendant argues that this action is time-barred by Federal Rule of Civil Procedure 54 and Local Civil Rule 54.2(a) because it was filed ten months after the administrative law judge's decision and therefore should be dismissed.

Here, the Court denies Defendant's motion because Defendant failed to demonstrate that Federal Rule of Civil Procedure 54 and Local Civil Rule 54.2(a) apply. Rule 54 establishes a fourteen-day period for filing a motion for attorneys' fees upon entry of judgment by a court. Fed. R. Civ. P. 54. Local Civil Rule 54.2(a) expands the time period set forth in Rule 54 and states that

"within 30 days of the entry of judgment or order . . . a motion for fees and expenses" must be filed. Local Civ. R. 54.2(a). These rules "presuppose[] that a final judgment is entered by a court and that a post-judgment request for fees and costs is ancillary to that judgment and not a separate cause of action." *J.B. v. Essex-Caledonia Supervisory Union*, 943 F. Supp. 387, 390 (D. Vt. 1996). Moreover, Local Civil Rule 54.2(a) makes clear that a request under Rule 54 is presumed to be initiated by motion. An action for attorneys' fees, however, "is a separate cause of action, distinguishable from the cause of action to be proved at trial." *Id.*

Here, Plaintiff asserts that she could not seek attorneys' fees in the administrative proceeding because the Commissioner of Education does not have jurisdiction to award such fees. Instead, Plaintiff brought an action in the district court solely seeking attorneys' fees as the prevailing party in the state administrative action. Because actions for legal fees cannot be initiated by motion where there is not a previous federal action, "Rule 54 is therefore inapplicable, especially when . . . the case was resolved during the administrative process, and no judgment was entered." *J.B.*, 943 F. Supp. at 390; *see also Brandon E. v. Dep't of Educ.*, 621 F. Supp. 2d 1013, 1018 (D. Haw. 2008) (holding Rule 54 and Hawaii Local Rule 54 inapplicable when separate action is initiated for attorneys' fees following administrative proceeding); *Ivanlee J. v. Wilson Area Sch. Dist.*, No. 97-683, 1997 WL 164272, at *1 (E.D. Pa. Apr. 3, 1997) (same); *J.Y. v. Seattle Sch. Dist. No. 1*, No. 07-1226, 2007 WL 4111202, at *2 (W.D. Wash. Nov. 16, 2007) (same). Furthermore, Defendant's reliance on *J.M. v. Wall Township Board of Education*, No. 13-4505, 2014 WL 4758068 (D.N.J. Sept. 24, 2014), is misplaced because in *J.M.* the plaintiff received an adverse decision in a state administrative action and then filed an appeal in federal court. The plaintiff in *J.M.* prevailed on appeal, and subsequently filed for attorneys' fees outside the timeframe provided by Rule 54. Consequently, the court found the plaintiff's request for

attorneys' fees was barred by the time limitation of Rule 54. Here, there was no other action brought in the district court, and Plaintiff seeks attorneys' fees as a prevailing party in a state administrative proceeding.

Accordingly, for the reasons set forth above, and other good cause shown,

**IT IS** on this 13th day of August 2015, **ORDERED** that Defendant's Motion to Dismiss (ECF No. 6) is **DENIED**.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**